UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-10694 PSG (PJWx) | Date | March 22, 2019 |
|---|---|---|---|
| Title | Debra J. Crisp-Stoot v. Wal-Mart Stores, Inc. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):** Order DENYING Plaintiff's motion to remand

Before the Court is Plaintiff Debra J. Crisp-Stoot's ("Plaintiff") motion to remand. *See* Dkt. # 12 ("*Mot.*"). Defendant Wal-Mart Stores, Inc. ("Defendant") has opposed this motion. *See* Dkt. # 14 ("*Opp.*"). Plaintiff did not file a reply. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving papers, the Court **DENIES** the motion.

I.     Background

On April 23, 2018, Plaintiff filed this case in Los Angeles Superior Court, asserting claims against Defendant for negligence and premises liability. *See Complaint*, Dkt. # 1-1 ("*Compl.*"). The complaint alleges that Plaintiff is "a resident of Los Angeles County." *Id.* ¶ 3. While it seeks damages, it does not specify a damages amount. *See generally id.*

On May 1, 2018, Defendant was served with the summons and complaint, and it filed an answer shortly thereafter. *See Notice of Removal*, Dkt. # 1 ("*NOR*"), ¶¶ 2–3; *Answer*, Dkt. # 1-3. On August 7, 2018, Plaintiff provided Defendant with her first set of interrogatory responses. In them, Plaintiff informed Defendant that she had already incurred more than $190,000 in medical expenses for treatment of the injury she alleges she suffered as a result of Defendant's negligence. *See First Interrogatories*, Dkt. # 1-7, No. 6.4. The parties agree that this response was sufficient to put Defendant on notice that more than $75,000 is in controversy in this case. *See Mot.* 5:20–24; *Opp.* 3:13–16.

On August 21, 2018, Defendant propounded a request for admission on Plaintiff, asking her to admit that she is a citizen of California. *See Request for Admission*, Dkt. # 14-1, at 9. Plaintiff responded by objecting to the question and saying only that she "is a resident of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-10694 PSG (PJWx) | Date | March 22, 2019 |
|---|---|---|---|
| Title | Debra J. Crisp-Stoot v. Wal-Mart Stores, Inc. | | |

State of California." *Id.* at 12. After receiving this response, Defendant propounded additional interrogatories on Plaintiff addressing the issue of her citizenship. *See Second Interrogatories*, Dkt. # 14-2, at 18. On November 29, 2018, Plaintiff responded that she is a citizen of California and does not currently intend to move out of the state in the next five years. *Id.* at 21.

On December 27, 2018, twenty-eight days after receiving Plaintiff's response to the second set of interrogatories, Defendant removed the case to this Court. *See NOR*. Plaintiff now moves to remand, arguing that the removal was untimely. *See generally Mot.*

II.     Legal Standard

Defendants may generally remove any case filed in state court over which the federal district courts have original jurisdiction. *See* 28 U.S.C. § 1441(a). To remove a case, the defendant must file a notice of removal in federal court. *Id.* § 1446(a). The notice of removal must be filed either (1) within thirty days after the defendant receives the initial pleading *or* (2) "if the case stated by the initial pleading is not removable," within thirty days after the defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(2)(A)–(3); *see also Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692–93 (9th Cir. 2005).

The thirty-day clock begins running when the defendant is served with the initial complaint only if "the case stated by the initial pleading is removable on its face." *Harris*, 425 F.3d at 694. In other words, the "ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock . . . to begin." *Id.* at 695. The defendant has no duty to investigate beyond the four corners of the initial pleading, even if information contained within it provides a "clue" as to removability. *See id.* at 696–97. If the case as stated by the initial complaint is not removable on its face, the thirty-day clock does not begin to run until the defendant receives "an amended pleading, motion, order or other paper" from which it may first be ascertained that the case is removable. 28 U.S.C. § 1446(b)(3); *Harris*, 425 F.3d at 697 ("Once defendant is on notice of removability, the thirty-day period begins to run.").

III.    Discussion

In removing this case, Defendant invoked the Court's diversity jurisdiction, which applies when the plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000. *NOR* ¶¶ 7–14; *see* 28 U.S.C. § 1332(a). There is no dispute that these requirements are met in this case. An individual party is a citizen of the state in which she is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-10694 PSG (PJWx) | Date | March 22, 2019 |
|---|---|---|---|
| Title | Debra J. Crisp-Stoot v. Wal-Mart Stores, Inc. | | |

domiciled—that is, the state where she "resides with the intention to remain" or where she "intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Because Plaintiff lives in California and does not intend to move, she is domiciled in the state. A corporation is a citizen of its state(s) of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c). Defendant is incorporated in Delaware and has its principal place of business in Arkansas, so it is a citizen of Delaware and Arkansas. *See NOR* ¶ 9. The parties are therefore completely diverse, and, as explained above, they agree that more than $75,000 is in controversy.

The only issue presented by Plaintiff's motion to remand is whether Defendant's removal was untimely. *See Mot.* Defendant removed the case within thirty days of Plaintiff's admission, in the second set of interrogatory responses, that she is a citizen of California. *See NOR*. The question is whether Defendant was on notice of removability before receiving those responses. The Court believes that it was not.

In the complaint and in Plaintiff's responses to Defendant's requests for admission, she said only that she was a "resident" of California. *See Compl.* ¶ 3; *Request for Admission* at 12. But residence is not the same as citizenship. "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Kanter*, 265 F.3d at 857. Accordingly, an allegation that an individual is a resident of a state is not enough to show that she is a citizen of that state. *See id.* at 857–58. And because the thirty-day removal clock does not start running until the defendant receives a pleading or other paper that affirmatively reveals that the case is removable, with no need for further investigation, *see Harris*, 425 F.3d at 695–97, this Court has previously held that information in pleadings or other papers about residence alone is not enough to start the clock. *Ruano v. Sears Roebuck & Co.*, No. CV 15-6060 PSG (FFMx), 2015 WL 6758130, at *2–3 (C.D. Cal. Nov. 5, 2015); *see also Brinkley v. Monterey Fin. Servs. Inc.*, No. 16cv1103-WQH-WVG, 2016 WL 4886934, at *3 (S.D. Cal. Sept. 15, 2016) (reaching the same conclusion).

The Court recognizes that some district courts in this Circuit have held differently, finding that an allegation that the plaintiff is a resident of a certain state is sufficient to provide the defendant with notice of her citizenship. *See Ervin v. Ballard Marine Const., Inc.*, No. 16-cv-2931-WHO, 2016 WL 4239710, at *2–4 (N.D. Cal. Aug. 11, 2016); *Aledavood v. First Nat'l Ins. Co. of Am.*, No. CV 13-1760 MWF (PJWx), 2013 WL 12133648, at *1–2 (C.D. Cal. May 13, 2013); *cf. Rodriguez v. Swissport USA, Inc.*, No. CV 15-3951 GW (PLAx), 2015 WL 4977187, at *3 (C.D. Cal. Aug. 20, 2015) (holding that allegations that the plaintiff was a resident of California and worked there for three years were enough to put the defendant on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-10694 PSG (PJWx) | Date | March 22, 2019 |
|---|---|---|---|
| Title | Debra J. Crisp-Stoot v. Wal-Mart Stores, Inc. | | |

notice that she was a citizen of California). Many of these decisions relied on out-of-circuit cases holding that a person's residence is prima facie evidence of his citizenship and is therefore sufficient to put the defendant on notice of citizenship, absent evidence to the contrary. *See Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011); *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). There is some logic to this position. Undoubtedly, the vast majority of plaintiffs who allege in a state court complaint that they are residents of a state are also domiciled in that state and are therefore citizens of it. But the Court believes that this approach is foreclosed by the Ninth Circuit's precedential decision in *Harris*.

In finding that the thirty-day removal clock does not start running until a pleading or other paper "affirmatively reveals" that a case is removable, the Ninth Circuit recognized that many state court complaints would not provide the requisite notice. *Harris*, 425 F.3d at 693 ("[I]t is not uncommon for a state court pleading to omit the necessary facts needed to determine diversity. The citizenship of the parties . . . normally will not be set forth in a complaint filed in a state court so that pleading therefore will not reveal the existence of diversity of citizenship jurisdiction." (cleaned up)). That is because "diversity of citizenship is a federal, not a state, concern." *Id.* The court nonetheless adopted the "bright-line approach" of requiring the ground for removal to be "revealed affirmatively" in a pleading or other paper for the thirty-day clock to start. *Id.* at 696–97.

The Ninth Circuit gave several reasons for adopting this framework. First, it noted that an objective approach that looks only within the four corners of the pleadings or other papers "brings certainty and predictability to the process." *Id.* at 697. Second, it found that it would "avoid[] the spectre of inevitable collateral litigation over whether the pleadings contained a sufficient 'clue,' whether defendant had subjective knowledge, or whether defendant conducted sufficient inquiry." *Id.* And finally, it noted that starting the thirty-day clock at the time of service if the complaint provided a "clue" that the case was removable could encourage defendants to "engage in premature removals in order to ensure that they do not waive their right to removal." *Id.* at 697.

To be sure, *Harris* involved a complaint that alleged that a party had been a resident of a state more than thirty years before the complaint was filed. *See id.* at 691. An allegation of a person's residence at a time in the distant past is obviously much less probative of his current citizenship than an allegation of his *current* residence. At least one court has distinguished *Harris* on this ground. *See Ervin*, 2016 WL 4239710, at *3. But the Court does not read *Harris* to say only that allegations of past residence are insufficient to show current citizenship. Instead, the Ninth Circuit spoke much more broadly, strongly suggesting that the thirty-day clock does

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-10694 PSG (PJWx) | Date | March 22, 2019 |
|---|---|---|---|
| Title | Debra J. Crisp-Stoot v. Wal-Mart Stores, Inc. | | |

not start if there is *any* indeterminacy in the complaint as to whether a case is removable. *See also Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) ("[D]efendants need not make extrapolations or engage in guesswork.")

At multiple points in the *Harris* opinion, the court implied that only allegations of information sufficient to establish *citizenship* would be sufficient to start the clock. *See Harris*, 425 F.3d at 693 ("Harris' state court complaint did not allege Brown's current *citizenship*, only his past residence."); *id.* at 695 ("The face of Harris' initial pleading did not affirmatively reveal information to trigger removal based on diversity jurisdiction because the initial pleading only stated Brown's 1972 residency, not his *citizenship*, and certainly not his *citizenship* as of the filing of the complaint.") (emphasis added); *see also id.* at 693 (stating that "it is not uncommon for a state court pleading to omit the necessary facts needed to determine diversity" because "diversity of citizenship is a federal, not a state, concern"). Further, the Ninth Circuit explained its bright-line rule as designed to avoid encouraging defendants to remove prematurely lest they later be found to have been on sufficient notice of removability at an earlier time. *See id.*, 425 F.3d at 697. But requiring defendants to remove as soon as a plaintiff's residence is alleged—before they have an opportunity to investigate further to determine the plaintiff's *domicile*—could lead to the premature removals that the court in *Harris* sought to avoid. *See Kanter*, 265 F.3d at 857 ("A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."). Such a rule would not allow defendants to do what Defendant did in this case: conduct diligent discovery to confirm that Plaintiff is a *citizen* of California before disrupting Plaintiff's choice of forum and removing the case to federal court.

For these reasons, the Court believes that the Ninth Circuit's decisions in *Harris* and *Kanter* compel the conclusion that a defendant is not put on notice of a plaintiff's citizenship such that the thirty-clock for removal begins to run until he receives a "pleading, motion, order or other paper" that "affirmatively reveals on its face" the facts necessary to show citizenship—namely that a state "is her permanent home, where she resides with the intention to remain or to which she intends to return." *Harris*, 425 F.3d at 691; *Kanter*, 265 F.3d at 857; *see also Ruano*, 2015 WL 6758130, at *2–3. Because Plaintiff's complaint and responses to Defendant's request for admissions stated only that she was a resident of California and revealed nothing about her intent to remain there, the Court concludes that they did not affirmatively reveal facts about her citizenship sufficient to start the thirty-day removal clock. *See Compl* ¶ 3; *Request for Admission*, at 9. It was not until Plaintiff admitted that she was a citizen of California and intended to remain there in her responses to the second set of interrogatories that Defendant was on notice of removability. *See Second Interrogatories* at 18. Because Defendant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-10694 PSG (PJWx) | Date | March 22, 2019 |
|---|---|---|---|
| Title | Debra J. Crisp-Stoot v. Wal-Mart Stores, Inc. | | |

removed the case within thirty days of receiving these interrogatory responses, the removal was timely. Accordingly, the Court **DENIES** Plaintiff's motion to remand.

IV. Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's motion to remand.

**IT IS SO ORDERED**.