# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA J. CRISP-STOOT, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC.; and DOES 1-50, inclusive<br><br>Defendants. | CASE NO.: 2:18-cv-10694-PSG-PJWx<br><br>**FINAL PRETRIAL CONFERENCE ORDER**<br><br>**Courtroom:**      **6A**<br>**District Judge:**    **Philip S. Gutierrez**<br>**Magistrate Judge: Patrick J. Walsh**<br>**Complaint Filed:**   **April 23, 2018**<br>**Trial Date:**       **October 27, 2020** |

2354-8950

# TABLE OF CONTENTS

**Page**

I.    PARTIES ..................................................................................................3

II.   JURISDICTION .....................................................................................3

III.  TRIAL LENGTH ...................................................................................3

IV.  JURY TRIAL .........................................................................................4

V.   ADMITTED FACTS ..............................................................................4

VI.  UNCONTESTED FACTS .....................................................................4

VII. CLAIMS AND DEFENSES .................................................................4

      A.    Plaintiff.............................................................................4

      B.    Defendant Wal-Mart Stores, Inc.:.....................................10

VIII. ISSUES TO BE TRIED…………………………………………16

IX.   DISCOVERY…………………………………………………...16

X.    DISCLOSURES MADE/EXHIBIT LIST……………………………16

XI.   WITNESS LISTS ................................................................................16

XII.  LAW AND MOTION…………………………………………..17

XIII. BIFURCATION .................................................................................17

XIV. EXPERT WITNESSES.......................................................................18

      A.    DEFENDANT'S EXPERT WITNESSES TO BE CALLED AT TRIAL ..............................................................................18

      B.    PLAINTIFF'S EXPERT WITNESSES TO BE CALLED AT TRIAL................................................................................19

XV.  COURSE OF TRIAL ..........................................................................19

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FINAL PRETRIAL CONFERENCE ORDER
CASE NO. 2:18-CV-10694-PSG-PJWX

2354-8950

Following pretrial proceedings, pursuant to F.R.C.P. 16 and L.R. 16, IT IS
ORDERED:

# I.

## PARTIES

The parties are Debra J. Crisp-Stoot, Plaintiff, and Wal-Mart Stores, Inc.,
Defendant.

Each of these parties has been served and has appeared.  All other parties
named in the pleadings and not identified in the preceding paragraph are now
dismissed.

The pleadings which raise the issues are:  Plaintiff's Complaint and
Defendant's Answer to Complaint.

# II.

## JURISDICTION

Federal jurisdiction and venue are invoked upon the grounds of diversity of
citizenship. 28 U.S.C. § 1332.

# III.

## TRIAL LENGTH

The trial is estimated to take (8-10) trial days.

# IV.

## JURY TRIAL

The trial is to be a jury trial.

At least sixteen (16) days prior to the trial date, the parties shall file and
serve by e-mail, fax, or personal delivery:  (a) proposed jury instructions as
required by L.R. 51-1 and (b) any special questions requested to be asked on voir
dire.

///

///

2354-8950

3

## V.

## ADMITTED FACTS

The following facts are admitted and require no proof:

1.    On June 5, 2016, Plaintiff Debra J. Crisp-Stoot fell at Walmart in the produce section.

2.    Plaintiff's past medical specials damages are $161,291.95.

## VI.

## UNCONTESTED FACTS

The following facts, though stipulated, shall be without prejudice to any evidentiary objection:

1.    Plaintiff underwent right knee arthroscopy surgery on January 14, 2017.

2.    Plaintiff underwent right shoulder arthroscopy on April 28, 2018.

3.    Plaintiff underwent right wrist surgery on May 7, 2019.

4.    Plaintiff underwent percutaneous lumbar endoscopic laser discectomy L2-L3, L3-L4, L4-L5 under fluoroscopy on September 28, 2020.

## VII.

## CLAIMS AND DEFENSES

A.    **Plaintiff Debra J. Crisp-Stoot**:

1.    Plaintiff plans to pursue the following claims against the following Defendant: Negligence.

2.    To establish a claim for Negligence, Plaintiff must prove all of the following:

a. That Wal-Mart Store, Inc.'s was negligent;

b. That Plaintiff was harmed; and

c. That Wal-Mart Store, Inc's negligence was a substantial factor in causing Plaintiff's harm.

4

3.       The key evidence Plaintiff relies on for her case are:

- Wal-Mart's written policies and procedures for inspection, maintenance, and safety at the store;

- Photographs of the accident scene, copies of which have previously been exchanged between the parties herein;

- Surveillance video footage recorded by Walmart on the date of the underlying incident, some of which has previously been exchanged between the parties herein;

- Still images captured from Walmart's surveillance video footage, copies of which are in the possession, custody, and control of counsel for the Plaintiff;

- Customer Incident Report, previously exchanged between the parties herein;

- Walmart policies, procedures and other related documents related to the training and supervision of its employees, accident investigation, safety issues, and/or the inspection, cleaning and maintenance of the floor within the subject Walmart store, copies of which have yet to be supplied by Walmart notwithstanding the Plaintiff's counsel's execution of a requested protective order;

- Rule 26 Disclosures, records, and reports of Thomas Grogan, M.D., Stephen L.G. Rothman, M.D., Nancy Michalski, RN, BSN, and Sam Iler; Narinder S. Grewal, M.D; Arthur Kreitenberg, M.D; Mark Burns; Alyssa T. Watanabe, M.D; and Jacqueline N. Bloink;

- Plaintiff's Initial disclosures.

- Plaintiff's responses to Defendant's interrogatories, request for admissions, and demands for production of documents and the accompanying requests.

- Defendant's responses to Plaintiff's interrogatories, request for admissions, and demand for production of documents and the accompanying requests.
- Plaintiff's medical records, reports, x-rays, and MRIs from her health care providers, including, but not limited to Allied Physical Medicine; Advanced Imaging Center; Advanced Pain Management/Dr. Narinder S. Grewal; Lyons Pharmacy and Compounding Lab; Tarek Y. Bittar, M.D.; Kaiser Permanente; Santa Clarita Surgery Center; Jennifer Thompson, M.D.; 90210 Surgical Associates; Fadi Chahin, M.D.; Nationwide Lien Pharmacy Services; Brett Custodia, CRNA; Vargo Physical Therapy, Inc.; Safvi Medical Corporation; Advanced Pain Management/Romulus Ramos, NP; Avasco Medical Supply; Los Angeles Orthopaedic Institute/Domenick K. Sisto, M.D.; Oxnard Valley Medical Group, Inc.; Endeavor Surgical Center/Domenick K. Sisto, M.D.; Chris Stein, M.D.; Arthur Kreitenberg, M.D., Center for Orthopedic & Sport Excellent; Allied Health Pharmacy;
- Trial and deposition testimony and exhibits of Debra Crisp-Stoot;
- Trial and deposition testimony and exhibits of Eric Stoot;
- Trial and deposition testimony and exhibits of Defendant's Former Store Manager, Michael Carranza.
  - **Mr. Caranza is expected to testify regarding where the subject incident took place, the subject incident report which he prepared, the photographs taken of the grapes, and how the subject grapes are sold at Defendant's store. Mr. Caranza will testify that customers occasionally go through the vents in order to taste the**

2354-8950

6

FINAL PRETRIAL CONFERENCE ORDER
CASE NO. 2:18-CV-10694-PSG-PJWX

grapes/ and eat them in Defendant's store. Mr. Caranza
will testify regarding corn husks on the floor,
Defendant's employees following Defendant's policies
and procedures regarding safety, and inspections.

- Trial and deposition testimony and exhibits of Defendant's Asset
  Protection Manager, Lindsey Anne Whitfield;
  - o Ms. Whitfield is expected to testify regarding numerous
    Defendant employees walking straight through the
    debris on Defendant's store floor without stopping to
    clean up anything or guarding the hazard. Ms. Whitfield
    will testify that employees who failed to pick up the
    debris/ corn husks were not conducting themselves in a
    matter consistent with their training, and that they each
    violated Defendant's policies and procedures pertaining
    to spotting and removing hazards on the store's floor.
- Trial and deposition testimony and exhibits of Plaintiff's retained
  expert, Narinder S. Grewal, M.D.
  - o Dr. Grewal is a pain management specialist. Dr. Grewal
    is expected to testify regarding plaintiff's medical
    evaluation and review of records.  Dr. Grewal will testify
    regarding the nature and extent of plaintiff's injuries,
    and his treatment of plaintiff, diagnosis, and prognosis.
    Dr. Grewal will also offer testimony regarding the issues
    of causation and damages, and the reasonableness and
    necessity of plaintiff's medical expenses, billings, and
    treatment.  Dr. Grewal will further offer testimony
    regarding Plaintiff's future medical care, and future
    medical treatment. Dr. Grewal is expected to discuss the

7

opinion set forth by the other experts in this case.

- Trial and deposition testimony and exhibits of Plaintiff's retained expert, Arthur Kreitenberg, M.D.;
  - **Dr. Kreitenberg is an orthopedic surgeon. Dr. Kreitenberg is expected to testify regarding plaintiff's medical evaluation and review of records. Dr. Kreitenberg will testify regarding the nature and extent of plaintiff's injuries, and his treatment of plaintiff, diagnosis and prognosis. Dr. Kreitenberg will also offer testimony regarding the issues of causation and damages, and the reasonableness and necessity of plaintiff's medical expenses, billings and treatment. Dr. Kreitenberg will further offer testimony regarding Plaintiff's future medical care, and future medical treatment. In addition, Dr. Kreitenberg is expected to discuss the opinion set forth by the other experts in this case.**

- Trial and deposition testimony and exhibits of Plaintiff's retained expert, Mark Burns, B.S.M.E., J.D.;
  - **Mr. Burns is expected to testify as to his findings and conclusions from his review of various records and materials and site investigation and surveillance video. He will testify as to liability and the existence of a dangerous condition in the area of the slip and fall, violation of various codes in the area of and adjacent to the slip and fall, and the causation of the slip and fall as a result of these dangerous conditions and code**

**violations, involving the subject accident. Mr. Burns will testify that Defendant's store presented an unsafe condition at the time of the incident. Mr. Burns will testify than an unsafe condition on the floor caused the subject incident, and Defendant's employees failed to conduct reasonable inspections of the subject premises. Further, Mr. Burns will testify that Defendant failed to ensure the requisite mats were present in front of the grape display at the time of the subject incident. Mr. Burns will also testify with to respect to human factors, and expected to discuss the opinion set forth by the other experts in this case.**

- Trial and deposition testimony and exhibits of Plaintiff's retained expert, Alyssa T. Watanabe, M.D.;
  - **Dr. Alyssa Watanabe is a Neuroradiologist and is board certified in Radiology, Neuroradiology and as a Medical Examiner. Dr. Watanabe is expected to testify regarding plaintiff's medical evaluation and review of records/films. In addition, Dr. Watanabe will testify regarding the nature and extent of plaintiff's injuries, and her treatment of plaintiff, diagnosis, and prognosis. Dr. Watanabe will also offer testimony regarding the issues of causation and damages, and the reasonableness and necessity of plaintiff's medical expenses, billings, and treatment. In addition, Dr. Watanabe is expected to discuss the opinion set forth by the other experts in this case.**

- Trial and deposition testimony and exhibits of Plaintiff's retained expert Jacqueline Nash Bloink, MBA;
  - o **Plaintiff and Defendant have stipulated to Plaintiff's past medical special at $ 161,291.95.**
- Trial and deposition testimony and exhibits of Domenick Sisto, M.D.;
- Trial and deposition testimony and exhibits of Tarek Bittar, M.D.;
- Trial and deposition testimony and exhibits of Defendant's retained experts, Thomas Grogan, M.D.;
- Trial and deposition testimony and exhibits of Defendant's retained experts, Stephen L.G. Rothman, M.D.;
- Trial and deposition testimony and exhibits of Defendant's retained experts, Sam Iler.

B.  **Defendant Wal-Mart Stores, Inc.:**

1.  Defendant Wal-Mart Stores, Inc. plans to pursue the following affirmative defenses: Comparative fault; Assumption of the Risk; Defendant's reasonable conduct; and Plaintiff's failure to establish breach, causation, and damages.

2.  Plaintiff Debra J. Crisp-Stoot is unable to establish the following elements: breach, causation, and damages.

3.  The key evidence Defendant Wal-Mart Stores, Inc. relies on for its defenses are:

1.  <u>Deposition of Michael Carranza, Former Walmart Assistant Manager</u>: Mr. Carranza responded to the incident.  Mr. Carranza testified about the policies and procedures followed by Walmart consistent with the store guidelines.

2.  <u>Deposition of Asset Protection Manager, Lindsey Whitfield</u>: Ms. Whitfield will testify that the only relevant camera angle footage from one hour prior to

2354-8950

FINAL PRETRIAL CONFERENCE ORDER
CASE NO. 2:18-CV-10694-PSG-PJWX

1    the incident to one hour after the incident has been produced

2    3.    <u>Testimony from Former Walmart Associate, Alexander Valdez:</u> Mr. Valdez

3          will testify that while working he attempts to clean as he goes and always

4          picks up debris on the floor if he observes it.

5    4.    <u>Testimony from Former Walmart Associate, Yvette Garcia:</u> Ms. Garcia will

6          testify that while working she is constantly zoning as required by the store

7          guidelines.  If she saw a grape on the floor, she would have picked it up.

8    5.    <u>Medical Records:</u> Plaintiff presented for treatment with Jennifer Choi, M.D.

9          at Kaiser for back pain on February 26, 2008 after bending over to pick

10         something up off the floor and felt a "crack" across the back and felt a

11         shooting pain down the sides of her legs.  On the same date, Plaintiff had a x-

12         ray of the lumbar spine and was diagnosed with radiculopathy.  Plaintiff

13         presented to Grace Galang Marania at Kaiser with complaints of right wrist

14         pain on July 3, 2013.  Dr. Marania diagnosed Plaintiff with hand joint pain,

15         likely a "ganglion cyst" of the right wrist.

16   6.    <u>Deposition Testimony of Stephen Rothman, M.D.:</u> Dr. Rothman testified that

17         the MRI of Plaintiff's right shoulder on August 2, 2016, revealed mild

18         degenerative findings that were preexisting. Dr. Rothman also testified that

19         he cannot identify a partial thickness tear in the MRI on August 2, 2016 of

20         Plaintiff's right hip, as alleged in Plaintiff's MRI report.  Moreover, Dr.

21         Rothman testified that that the MRI of August 2, 2016, showed no acute

22         injuries and only revealed preexisting degenerative findings. Dr. Rothman

23         testified that Plaintiff's MRI of the lumbar spine on September 1, 2016, are

24         degenerative and preexisting.  Dr. Rothman testified that Plaintiff's MRI of

25         the wrist on April 10, 2017, showed a ganglion cyst, which is a reoccurring

26         condition caused by degeneration of the adjacent tissue.

27   7.    <u>Deposition Testimony of Dr. Grogan:</u> Dr. Grogan testified that Plaintiff

28

presented for an Independent Medical Examination ("IME") on December 10, 2019, with complaints of right hip pain, low back pain, and right shoulder pain. Dr. Grogan testified that Plaintiff suffered a soft tissue injury to her right shoulder, right hip and right knee as a result of the subject incident.  He testified that the MRIs she obtained after the subject incident show had very mild degenerative changes to the right shoulder, right knee, and lumbar spine. Dr. Grogan testified that Plaintiff underwent lumbar steroid epidural injections which he opined were not medically indicated.  Dr. Grogan testified Plaintiff's knee treatment appeared to be only marginally indicated, and related only to preexisting injuries.  Plaintiff's right shoulder arthroscopy was not indicated, especially given that she did not improve after injections as reported in the records of Dr. Bittar.  Dr. Grogan testified that additional treatment either in the form of operative intervention or physical therapy in any way related to the specific accident of June 5, 2016.

8.  <u>Deposition of Sam Iler, Defendant's Safety Expert</u>: Mr. Iler testified that he inspected the subject Walmart on January 3, 2020, which consisted of photographs and testing.  Mr. Iler testified Space Ingenuity (SSI), using data gathered from his site inspection at the above referenced Walmart location. Mr. Ile's data was sent directly from his BOT3000e Tribometer to SSI for quality and audit review.  SSI is a third-party review, which eliminates operator interface, recordation, or interpretation errors, and eliminates the possibility of data alteration.  Mr. Iler testified the Audit Report from SSI has been prepared in accordance with the ASTM F1694-14, "Standard Guide for Composing Walkway Surface Investigation, Evaluation, and Incident Report Forms for Slips, Stumbles, Trips, and Falls," and the ASTM F2048-00, "Standard Practice for Reporting Slip Resistance Test Results" and comports with visual readings observed during testing.

Mr. Iler testified in addition to the DCoF measurements, ambient light measurements in Lux, were tested in the area. Lux is equal to one lumen per square meter. Lux is used as a measure of the intensity, as perceived by the human eye, of light that hits or passes through a surface. All readings taken at the subject store were above OSHA, and industry standards.

Mr. Iler testified that 3d imagery was captured in a broad area surrounding the alleged incident showing a similar condition and viewpoint available to the plaintiff. The imagery shows the building layout, the absence of any potential physical hazards, expected contents and layout of a retail store, and a representative view available of the flooring.

Mr. Iler testified that the concrete flooring material present at the Walmart store (#2950) located at 37140 47th Street East, Palmdale California, tested above the minimum traction threshold set by ANSI A326.3. The test results show a reasonable amount of available traction was present as represented by test results for Dynamic Coefficient of Friction (DCoF) showing values greater than .42 as set out by ANSI A326.3. These test results indicate that the flooring retains these compliant (above .42 DCoF) traction properties in both a wet and dry state, and therefore do not create or contribute to a dangerous condition in either a wet or dry condition. Mr. Iler testified that "a reasonable amount of available traction" as used in the context of this report is defined by using ANSI A326.3 methodology and consists of a DCoF value at or above a .42. Extensive research and testing conducted by Boning, Sebald and others concluded that a .42 DCoF results in less than a 1 in 1 million chance (reasonable) of a slip occurrence at or above that value. The results were generated by using scientific approaches using actual human ambulation to source the likely hood of a slip at a given DCoF, these studies are considered the Gold Standard in slip research. These results have been

2354-8950

FINAL PRETRIAL CONFERENCE ORDER
CASE NO. 2:18-CV-10694-PSG-PJWX

accepted by and incorporated into the German Institute of Standardization (DIN) and the German equivalent of OSHA, where they originated.

Mr. Iler testified test results of the BOT3000 shows a very close correlation between the Boning and Sebald results.   Mr. Iler testified additional testing by the Tile Council of North America (TCNA) has shown repeatability and reliability in test results across different types of durable flooring materials, using different operators, and different machines. This high degree of correlation and reliability is what makes the BOT3000e the only ANSI accepted methodology in use today.  All previous ANSI approved methods and devices have been withdrawn over time as issues with reliability, accuracy and repeatability became evident.

Mr. Iler testified no testing was conducted using any other contaminants, other than the SLS water used in the ANSI wet testing protocol. Mr. Iler testified specifically did not conduct any testing using grapes as a contaminant as there is no established and accepted methodology which to do so.

Mr. Iler testified that he attended Plaintiff's safety expert Mark Burns' inspection and made observations of Mr. Burns' testing indicate that some attempt was made to test the floor using a grape as a contaminant.  Mr. Iler testified since the size of the grape as compared to the size of the test foot on the equipment observed were nearly identical, the ratio of surface area of grape to surface area of test foot verses the ratio of grape to shoe surface is grossly overstated.  Mr. Iler testified there is no correlation between the size of the grape to test foot as compared with the size of a shoe, nor with the weight or force of stride that occurred in reality.

Floor testing concludes that wet DCoF results far exceeded a minimum of a 1 in 1 million chance of a slip. - Dr Bonig.  Burns testimony agrees.  Testing of

FINAL PRETRIAL CONFERENCE ORDER
CASE NO. 2:18-CV-10694-PSG-PJWX

2354-8950

a grape on a floor is inappropriate and not accepted by ANSI protocols nor English
XL operating requirements.  There are no existing protocols established, tested, peer
reviewed, or published for field testing a grape on a floor to establish available
traction of the floor surface conditions.  Testing done by Burns on the grape was
grossly disproportionate by size and alleged results are exaggerated, invalid and
irrelevant.  Floormats were deployed in front of the grapes at the wet wall at the
time of the alleged incident per Burns photos x7, confirmed by Carranza.  Photos of
the bagged grapes in Burns  are misleading and irrelevant as they not taken in the
area of the alleged incident.

9.     <u>Deposition of Arthur Kreitenberg, M.D.:</u> Dr. Kreitenberg testified that
nothing in Plaintiff's lumbar MRI that shows that a laser lumbar discectomy is
indicated for future treatment.  Dr. Kreitenberg testified after his examination in
November 2019, and a review of all relevant medical records that Plaintiff did not
need any future treatment with respect to the subject incident.

10.    Photographs of the accident scene, copies of which have previously been
exchanged between the parties herein;

11.    Surveillance video footage recorded by Walmart on the date of the underlying
incident, some of which has previously been exchanged between the parties herein;

12.    Trial and deposition testimony and exhibits of Plaintiff's retained  expert,
Alyssa T. Watanabe, M.D.;  Dr. Wantanabe testified that she saw no evidene of a
labral tear in Plaintiff's hip from the MRI on August 22, 2016. Dr. Wantanabe
testified based on Plaintiff's imaging, she cannot opine as to causation.

13.    Trial and deposition testimony and exhibits of Plaintiff's retained expert
Jacqueline Nash Bloink, MBA; Plaintiff and Defendant have stipulated to
Plaintiff's past medical special at $ 161,291.95.

///

///

FINAL PRETRIAL CONFERENCE ORDER
CASE NO. 2:18-CV-10694-PSG-PJWX

## VIII.

## ISSUES TO BE TRIED

In view of the admitted facts and the elements required to establish the claims and affirmative defenses, the following issues remain to be tried: breach, causation, and damages.

## IX.

## DISCOVERY

All discovery is completed.

## X.

## DISCLOSURES MADE/EXHIBIT LISTS

Plaintiff's disclosures under F.R.C.P. 26(a)(3) have been made.  The joint exhibit list of the parties has been filed under separate cover as required by L.R. 16-6.1.:

## XI.

## WITNESS LISTS

Witness lists of the parties have been filed with the Court.  Only the witnesses identified in the lists will be permitted to testify (other than solely for impeachment).

Each party intending to present evidence by way of deposition testimony will mark such depositions in accordance with L.R. 16-2.7.  The parties reserve their respective right to identify depositions of witnesses that will be used in lieu of live testimony. The parties also reserve their right to make objections to the use of deposition testimony at the time of trial once that testimony has been identified.

///
///
///
///

2354-8950

16

FINAL PRETRIAL CONFERENCE ORDER
CASE NO. 2:18-CV-10694-PSG-PJWX

# XII.

## LAW AND MOTION

The parties anticipate submitting the following motions in limine prior to trial:

A.    Plaintiff:

| MIL # | MIL TOPIC |
|---|---|
| 1. | Motion in Limine to preclude any reference to attorney referrals to healthcare providers, to the amount medical providers on lien might accept, or the amount any health insurer might pay for outstanding medical bills. |
| 2. | Motion in Limine to exclude Defendant's expert Stephen Rothman, M.D., and Thomas Grogan, M.D., speculation that there was no mechanism for injury in the underlying incident, or in the alternative for a hearing pursuant to F.R.E., Rule 104 |
| 3 | Motion in Limine to limit Defendant's expert testimony to work performed prior to, and the opinions expressed at Deposition, and Defendant's Rule 26 expert disclosure report. |

B.    Defendant:

| MIL # | MIL TOPIC |
|---|---|
| 1. | Motion in Limine to preclude reference to corn husks on the floor and maintenance of same. |
| 2. | Motion in Limine to exclude testimony of Mark Burns. |
| 3. | Exclude Plaintiff's Experts Narinder Grewal, MD. and Arthur Kreitenberg MD. for Failure to Comply with Federal Rules of Civil Procedure, Rule 26(a)(2)(B) |

# XIII.

## BIFURCATION

None.

2354-8950

FINAL PRETRIAL CONFERENCE ORDER
CASE NO. 2:18-CV-10694-PSG-PJWX

# XIV.

## EXPERT WITNESSES

### A. DEFEDANT'S EXPERT WITNESSES TO BE CALLED AT TRIAL

**1) Retained Experts:**

   1.  Thomas Grogan, M.D.

   2.  Nancy Michalski, R.N.

   3.  Stephen L.G. Rothman, M.D.

   4.  Sam Iler.

**2) Non Retained Experts:**

   1.  Val Givargis, D.C.

   2.  Narinder Grewal, M.D.

   3.  Tarek Bittar, M.D.

   4.  Fadi Chahin, M.D.

   5.  Ron Johnson, P.T.

   6.  Domenick Sisto, M.D.

   7.   Sean Leoni, M.D.

   8.  Christopher Stein, C.R.N.A.

   9.  Jennifer Thompson, M.D

   10. Jennifer Choi, M.D.

   11. Ray Hashemi, M.D.

   12. Benjamin Domingo Dacula, M.D.

   13. Amjed Safvi, M.D.

   14. Josh Schwartz, R.P.T

   15. Jennifer Choi, M.D.

   16. Grace Galang Marania, M.D

///

///

2354-8950

18

**B.  PLAINTIFF'S EXPERT WITNESSES TO BE CALLED AT TRIAL**

**1)  Retained Experts:**

   1.  Narinder Grewal, M.D.

   2.  Arthur Kreitenberg, M.D.

   3.  Alyssa Watanabe, M.D.

   4.  Mark Burns

   5.  Jacqueline Bloink.

**2)  Non-Retained Experts:**

   1.  Tarek Bittar, M.D.

   2.  Dominik Sisto, M.D.

   3.  Brett Custodia, CRNA.

   4.  Sean Leoni, M.D.

   5.  Fadi Chahin, M.D.

   6.  Chris Stein, M.D.

   7.  Jennifer Thompson, M.D.

   8.  Jennifer Choi, M.D.

   9.  Grace Galang Marania, M.D.

   10. Val Givargis, M.D.

   11. Ray Hashemi, M.D.

   12. Benjamin Domingo Dacula, M.D.

   13. Josh Schwartz, R.P.T/ Ron Johnson, R.P.T.

   14. Amjed Safvi, M.D.

## XV.

## COURSE OF TRIAL

The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial

2354-8950

19

1  Conference Order shall supersede the pleadings and govern the course of the trial

2  of this cause, unless modified to prevent manifest injustice.

3

4

5  Dated: _____, 2020.

6

7  _____

United States District Court Judge

8  APPROVED AS TO FORM AND CONTENT.

9

10  **VAZIRI LAW GROUP**

11

12  Dated:  October 12, 2020        By:    /s/ Mark Gianamoore
Siamak Vaziri, Esq.

13  Mark Giannamore, Esq.
Shawn K. Elliott, Esq.

14  Attorneys for Plaintiff
**DEBRA J. CRISP-STOOT**

15  **PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**

16

17  Dated:  October 12, 2020        By: /s/ Rebecca Herman

18  Andrew Smith, Esq.
Rebecca Herman, Esq.

19  Attorneys for Defendant
**WAL-MART STORES, INC.**

20  aosmith@pettitkohn.com
rherman@pettitkohn.com

21

22

23

24

25

26

27

28

2354-8950

FINAL PRETRIAL CONFERENCE ORDER
CASE NO. 2:18-CV-10694-PSG-PJWX

## **CERTIFICATE OF SERVICE**

I hereby certify that the following document(s):

- **FINAL PRETRIAL CONFERENCE ORDER**

was/were served on this date to counsel of record:

[ ]   **BY MAIL:**  By placing a copy of the same in the United States Mail, postage prepaid, and sent to their last known address(es) listed below.

[ ]   **BY E-MAIL DELIVERY:**  Based on an agreement of the parties to accept service by e-mail or electronic transmission, I sent the above document(s) to the person(s) at the e-mail address(es) listed below.  I did not receive, within a reasonable amount of time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[X]   **BY ELECTRONIC TRANSMISSION:**  I electronically filed the above document(s) with the Clerk of the Court using the CM/ECF system.  The CM/ECF system will send notification of this filing to the person(s) listed below.

Siamak Vaziri, Esq.
Mark J. Giannamore, Esq.
VAZIRI LAW GROUP, APC
A Professional Law Corporation
5757 Wilshire Blvd., Ste. 670
Los Angeles, CA  90036
Tel: (310) 777-7540
Fax: (310) 777-0373
**Attorneys for Plaintiff**
**DEBRA J. CRISP-STOOT**

Executed on October 12, 2020 at Los Angeles, California.

Chantha Lieng

FINAL PRETRIAL CONFERENCE ORDER
CASE NO. 2:18-CV-10694-PSG-PJWX

2354-8950